IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| THOMAS LARRY SCOTT ) | |
| and ) | |
| LILA KAY SCOTT, ) | |
| ) | Case No. 14-20092 |
| Debtors. ) | Chapter 13 |
| _____) | |
| ) | |
| RICHARD V. FINK, ) | Adversary No. 14-2009 |
| Trustee/Plaintiff, ) | |
| v. ) | |
| ) | |
| WELLS FARGO BANK, N.A., d/b/a WELLS ) | |
| FARGO DEALER SERVICES AND WELLS ) | |
| FARGO AUTO FINANCE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**AMENDED MEMORANDUM OPINION**

This adversary proceeding comes before the Court on the Complaint to Avoid Preferential Transfer ("Complaint") filed by Trustee/plaintiff Richard V. Fink ("Trustee") against defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services and Wells Fargo Auto Finance ("Defendant" or "Wells Fargo"). Trustee asserts that Wells Fargo does not have a timely perfected security interest in Debtor's vehicle and the lien should be avoided as a preferential transfer under 11 U.S.C. § 547. This is a core proceeding under 28 U.S.C. §157(b)(2)(K) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court finds that the lien should be avoided as a preferential transfer.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are uncontroverted per the Joint Stipulation of Relevant Facts and Exhibits filed by the parties: On or about December 23, 2103, debtor Thomas Scott purchased a 2012 Cadillac SRX (the "Vehicle") from Bob Hembree Motor Company in Guntersville, Alabama (the "Dealer"). The purchase of the Vehicle was financed by Wells Fargo Dealer Services. At the time of the purchase of the Vehicle, Debtors resided in Columbia, Missouri. Following the purchase, on December 30, 2013, Dealer overnighted by FedEx the original Kentucky title to the Vehicle, the Dealer reassignment title and the odometer disclosure statement to a local contract Department of Revenue title office in Columbia, Missouri. At no time did Dealer or Wells Fargo submit or file a formal notice of lien using the Form 4809 issued by the State of Missouri. On January 22, 2014, debtor Thomas Scott unsuccessfully attempted to complete the process to title the Vehicle. On January 23, 2014, he completed the process to title the Vehicle and was issued title in his name. A receipt identifying the Vehicle, reflecting payment for sales taxes and titling charges, ownership status and showing Wells Fargo Dealer Services as a lienholder was issued on that date. January 23, 2014 was 31 days following Debtors' purchase of the Vehicle. The Missouri Department of Revenue Notice of Lien Application Record Lookup Results identifies title as being issued on January 28, 2014 with a lien date of December 23, 2013. On February 10, 2014, debtors Thomas Larry Scott and Lila Kay Scott ("Debtors") filed for relief under Chapter 13 of the Bankruptcy Code.

## II. LEGAL ANALYSIS

The issue is whether Defendant substantially complied with Missouri law to properly and timely perfect its security interest in the Vehicle purchased by Debtors. Under Missouri law, if a creditor perfects a security interest in a motor vehicle within thirty days of its creation, the date

of perfection relates back to the date the security interest was created. Mo. Rev. Stat. §301.600(2). A trustee in bankruptcy, however, may avoid a security interest as a preferential transfer if the security interest was created within ninety days of filing a petition, and if the security interest was perfected more than thirty (30) days after the debtor took possession of the motor vehicle. 11 U.S.C. §547(c)(3)(B). The parties agree that Missouri law provides two ways to perfect a motor vehicle lien: (1) by filing a notice of lien under Mo. Rev. Stat. §301.600; or (2) by submitting an application for title as described in *In re McFarlane*, 298 B.R. 878 (Bankr. W.D. Mo. 2003). Mo. Rev. Stat. §301.600 was amended in 1999 to allow a lender to temporarily perfect its lien by simply filing a "notice of lien" with the director of revenue. Information required in the notice of lien includes the name and address of the owner and secured party, a description of the motor vehicle, including the motor vehicle identification number, and such other information as the department of revenue may prescribe. Mo. Rev. Stat. §301.600(2). It is also required that a notice of lien be accompanied with a $2.50 processing fee. Stipulated Ex. C. The statute also provides that a "notice of lien substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." *Id.*

There is no dispute in this case that Defendant did not file a formal notice of lien as provided by Mo. Rev. Stat. §301.600 and Form 4809 (Ex. C). Rather, Defendant contends that the documents that were mailed to the Department of Motor Vehicles office in Columbia, Missouri substantially complied with the requirements of the statute so that the perfection date relates back to the creation date of December 23, 2013, and is thus not avoidable by the Trustee. The Trustee argues that the documents submitted by Defendant do not substantially comply with the statutory requirements to constitute notice of lien and since the title issuance date noted on

the certificate of title was 36 days after the purchase date of the Vehicle, the perfection date for purposes of §547 was January 28, 2014.   That date falls within the 90 days of the bankruptcy petition date of February 10, 2014 so that the lien must be avoided under §547.   For the following reasons, the Court agrees with the Trustee that Defendant did not substantially comply with Mo. Rev. Stat. §301.600 and the lien is avoided under §547.

First, Defendant, as the lender, is who the statute was revised to assist. The ability to file a notice of lien provides a creditor with a more expeditious method of perfecting its interest and ameliorates the harshness of the twenty-day statutory period for perfecting liens under §547(c)(3)(B) because the creditor is not dependent on the actions of third parties or the debtor, and the creditor is able to maintain control of the transaction. *See McFarlane*, 298 B.R. at 882-83.   As stipulated, an odometer disclosure statement, an original Kentucky certificate of title and an assignment of title were mailed to the Department of Motor Vehicles Contract Office in Columbia, Missouri. However, these documents were mailed by Bob Humbree Motor Company, the car dealership, and not by Defendant, the lender and creditor.   Defendant was provided an expeditious method to protect its security interest and failed to utilize that method, instead relying on the third party and debtor which was exactly what the statute was revised to prevent the creditor from having to rely on.   The Court will not interpret the statute more liberally when it was put in place to make the process easier for a creditor such as Defendant and it failed to avail itself of the expeditious process available to it.

The Court acknowledges that the statute allows a notice of lien substantially complying with the requirements of section §301.600(2) even though it contains minor errors which are not seriously misleading1.   However, the Court doubts it can be considered substantial compliance

---

1 Discussing substantial compliance within the mechanics' lien scenario, the courts have determined that,

for a secured party to fail to comply in any way with the format prescribed and when no actual notice form has been submitted.  This particular statute, Mo. Rev. Stat. §301.600, which allows a lender to file a notice of lien, is a notice statute- meaning that the purpose of such statute is to put third parties on notice of a lender's security interest in a vehicle.  The statute provides a simple means of providing this notice and at the same time perfecting a lender's security interest. That process involves filing a notice of lien *in a format as prescribed by the director of revenue*. Mo. Rev. Stat. §301.600 (emphasis added).  The format prescribed by the director of revenue is Form 4809 and such form includes the requisite information as well as instructions that the original document and a $2.50 processing fee must be submitted.

While the name and address of the owner and secured party, a description of the motor vehicle and the vehicle identification number could be gleaned from the various documents submitted to the department of motor vehicles office by the dealership, there was absolutely no attempt by Defendant/lender to comply with the format prescribed by the director of revenue nor was a processing fee submitted.  This failure is not a minor error which is not seriously misleading but rather a total failure to comply in any way with the required statutory notice requirement.  It does not seem reasonable to require a department of motor vehicle office to sift through documents mailed to it by a car dealer or lender to determine if the requisite information needed to provide notice of a lien was provided by the party.  Further, the information submitted by the Dealer does not include as required by the format prescribed by the director of revenue: the county of Debtor's residence, his driver's license number, the net price on the Vehicle, the lien date, lien holder ID number, and loan or unit number.  Taken individually, each of these

---

notwithstanding the policy of liberal construction, a lien claimant must comply with the provisions of the statute and describe that requirement as being one of *reasonable* and *substantial* compliance.  *See In re Trilogy Dev. Co.*, 437 B.R. 683, 688 (Bankr. W.D. Mo. 2010) (citations omitted).

omissions may in fact constitute a minor error which isn't seriously misleading but the omission of all of these pieces of information constitutes more than a minor error. In fact, as Trustee argues, if Debtors had not completed the vehicle registration process, the documents sent in by the Dealer would not have been noted or recorded as a lien by the department of motor vehicles and thus would not have served the statute's purpose of putting third parties on notice of the Defendant's lien on the Vehicle.   That notice to third parties only happened because Debtors proactively undertook to register the Vehicle.

As pointed out by Defendant in its brief, "substantial compliance" is determined by looking at two elements: 1) whether the essential requirements of the statute were met 2) in order to achieve the reasonable objectives of such statute.   As discussed above, Defendant falls short on both.   The requirements of Mo.Rev.Stat. §301.600(2) were not met by Defendant as it failed to provide the requisite information and fee on the requisite form, and the objective of that statute of putting third parties on notice of lien was similarly not met but for actions undertaken by Dealer and Debtor.

Finally, Defendant contends that *McFarlane* hinted that submission of an application, i.e., a completely executed certificate of title, could fall under the substantial compliance exception.   In a footnote in the opinion, Judge Venters noted that "[i]t may well be that an application for a certificate of ownership constitutes substantial compliance with the requirements of the notice of lien statute, in which case the motor vehicle financier may be unwittingly perfected pursuant to both the notice of lien and certificate of ownership provisions. *See* Mo.Rev.Stat. §301.600(2)." *McFarlane*, 298 B.R. at 884, fn 4.   However, as noted by both parties this is clearly dicta.   Further, the Court agrees with the Trustee's observation that an application for registration and the filing of a notice of lien are two completely separate

procedures under the Missouri statutes. To recognize that an application for one may unwittingly comply with the procedures for the other merges the two distinct procedures together. If the legislature had intended for this to be the case it presumably would not have provided two distinct procedures. Even if the *McFarlane* court's dicta were true in certain circumstances it would not be the case here because Defendant did not provide an application for certificate of ownership that substantially complied with the requirements of the notice of lien statute. As discussed, each individual omission of information required for a notice of lien may constitute a minor error which isn't seriously misleading, but the omission of all of these pieces of information together constitutes more than a minor error.

### III.  CONCLUSION

For the reasons stated above the Trustee's Complaint to Avoid Preferential Transfer is hereby granted. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate Order will be entered pursuant to with Bankruptcy Rule 9021.

ENTERED this 9th day of December 2014.

>   /s/ Dennis R. Dow
>   THE HONORABLE DENNIS R. DOW
>   UNITED STATES BANKRUPTCY JUDGE

Copies to:

Dana M. Estes for Richard Fink
Richard Beheler